UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN MELTON,<br><br>    Plaintiff,<br><br>v.<br><br>EMPIRE SOLUTIONS AND RECOVERIES LLC d/b/a EMPIRE RECOVERY SOLUTIONS INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:17-cv-00511<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes KEVIN MELTON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of EMPIRE SOLUTIONS AND RECOVERIES LLC d/b/a EMPIRE RECOVERY SOLUTIONS INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 39 year-old natural person residing in Logansport, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a business debt collection agency that collects delinquent accounts receivables.[1] With its principal place of business located at 29 West Main Street, Upper Level, Lockport, New York, Defendant is a third-party debt collector that regularly collects upon consumers across the country, including in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In the spring of 2017, Plaintiff began receiving calls to his cellular phone, (574) XXX-9733, from Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9733. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] http://empiresolutionsandrecoveriesllc.com/services

11. When Plaintiff answers Defendant's phone calls, he experiences a noticeable pause, lasting a few seconds in length, before a live representative begins to speak.  *See* Exhibit A.

12. Prior to answering Defendant's phone calls, Plaintiff was unfamiliar as to what it was or why it would be calling him.  *Id.*

13. Upon speaking with one of Defendant's representatives named "Tim Reed," Plaintiff was informed that it was seeking to collect upon an outstanding debt allegedly owed to Norwest Corp. ("Norwest Bank").  *Id.*

14. Norwest Bank is now owned by Wells Fargo & Co. ("Wells Fargo"), so Plaintiff has even called Wells Fargo to inquire about this alleged debt.  *Id.*

15. Wells Fargo informed Plaintiff that he does not have any past due accounts.  *Id.*

16. Plaintiff relayed this information to Defendant, and since he does not owe the debt, he asked Defendant to mail him proof of the debt.  *Id.*

17. This was the first correspondence Plaintiff received from Defendant in the mail, and it stated:

> Original Account Number: 4422005693004021
> Original Creditor: NORWEST
> Current Balance: $1,065.34
> Settlement Amount: Negotiable
> Credit Card Processed by: ***Regional Processing.***
> (Secured Merchant Process Company)  *Id.*

18. After receiving this letter, Defendant continued placing phone calls to Plaintiff's cellular phone, seeking to collect upon this alleged debt.  *Id.*

19. Upon informing Plaintiff that he will not be making payment, Defendant told Plaintiff that it will be filing a lawsuit against him.  *Id.*

20. Defendant has threatened Plaintiff with a lawsuit on several occasions.  *Id.*

21. In its attempts and threats to collect payment from Plaintiff, Defendant has even listed a number of addresses belonging to Plaintiff's family members. *Id.*

22. Defendant's behavior caused Plaintiff to feel threatened, so he demanded that it stop contacting him. *Id.*

23. Despite Plaintiff's demands, Defendant has continued to call his cellular phone up until the date of the filing of this action. *Id.*

24. Defendant mainly calls Plaintiff's cellular phone using the phone number (716) 478-3523. *Id.*

25. Upon information and belief, the above phone ending in 3523 is regularly utilized by Defendant to contact consumers during its debt collection activity.

26. Plaintiff has received not less than 6 collection phone calls from Defendant since asking it to stop calling. *Id.*

27. Defendant has also called Plaintiff while he has been at work, which has severely disrupted his job performance. *Id.*

28. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

29. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though full set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1), §1692d, d(2), d(5)

36. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), "if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except to advise the consumer that the debt collector's further efforts are being terminated."

37. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

38. Defendant violated §1692c(a)(1) and d when it continuously called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 6 times after being told to stop contacting him.  This behavior of repeatedly calling Plaintiff's phone after he demanded that it cease contacting him was harassing and abusive.  Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff.

39. In addition, 15 U.S.C. §1692d prohibits specific behavior, such as:

> "The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." §1692d(2)

> "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." §1692d(5)

40. Defendant violated §1692d(2) and d(5) when it continued to call Plaintiff after being notified to stop, and threatened him with illegal actions. During phone calls with Defendant, Plaintiff was told that if he did not make a payment, there would be a lawsuit filed again him. In addition, Defendant would even list the residential addresses of Plaintiff's family members, in an attempt to scare him into making payment. This language is naturally harassing to any person who hears it, as the threat of being sued or an unknown company having access to family members' personal information would cause an ordinary consumer to feel pressured or vulnerable. Defendant engaged in this behavior in an attempt to compel Plaintiff to make a payment. These threats are in violation of the FDCPA, as even if Plaintiff failed to make payment, Defendant had no intention of filing a lawsuit, nor did it have basis under the law to do so, as the debt does not belong to Plaintiff. Nevertheless, Defendant made these statements and continued its harassing conduct, calling Plaintiff over 6 times after being told to stop.

41. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

### b. Violations of FDCPA § 1692e

42. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. In addition, this section enumerates specific violations, such as:

6

> "The false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." §1692e(2)(A)(B).
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5)
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

44. Defendant violated §1692e, e(2), e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Despite being told to stop calling, Defendant continued to relentlessly contact Plaintiff over 6 times. Instead of ceasing this behavior, Defendant continued to systematically place calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Defendant even threatened Plaintiff with a lawsuit if he failed to make payment. Defendant had no intention of taking this action, and could not legally do so, as it misrepresented the character, amount, and legal status of the debt which is not owed by Plaintiff. Plaintiff took the initiative to calls Wells Fargo and inquire about this alleged debt. Even after Plaintiff notified Defendant that Wells Fargo had told him he had no outstanding debts, Defendant continued its deceptive conduct and stooped to the point of relaying personal information regarding Plaintiff's family members in order to extort payment from him.

45. In addition, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

    c. **Violations of FDCPA § 1692f**

46. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

7

47. Pursuant to §1692f(1), it is a violation for the debt collector to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

48. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect upon an erroneous debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing phone calls without his permission is unfair and unconscionable behavior.  Despite Plaintiff's efforts to clarify the nature and status of the debt, Defendant continued its unfair conduct of placing calls to his cellular phone.  Even after Plaintiff discovered that he was not liable for this debt, Defendant still attempted to collect an amount not expressly authorized by any agreement creating the debt or permitted by law.  These means employed by Defendant only served to worry and confuse Plaintiff.

49. As pled in paragraphs 26 through 30, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KEVIN MELTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

50. Plaintiff repeats and realleges paragraphs 1 through 49 as though fully set forth herein.

51. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

52. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting a few seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

53. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoke by Plaintiff's numerous demands that it cease contacting him.

54. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

55. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KEVIN MELTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

56. Plaintiff repeats and realleges paragraphs 1 through 55 as though fully set forth herein.

57. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

58. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

59. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

60. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

61. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

62. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff to stop contacting him but refused to do so. Any consent Plaintiff may have given to the original party of interest was explicitly revoked by his demands that Defendant cease contacting him. However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to extract payment from him.

63. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Once Plaintiff initially made his wishes known, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, however, Defendant continued its deceptive conduct. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

64. Furthermore, Defendant threatened Plaintiff with a lawsuit on a number of instances, when it had no intention or legal basis for filing a complaint. Defendant would also list the residential addresses of Plaintiff's family members in an intimidating effort to force Plaintiff into making a payment. This behavior is unfair, abusive, and deceptive, as Plaintiff does not owe this alleged debt, but yet, has been subjected to Defendant's imposing and threatening will.

65. In violating the TCPA, Defendant also violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on one or more of the acts or representations on the list. A claim may be based only on an enumerated act, and not a representations at all." *Anderson v. O'Leary Paint Co*., 2011 U.S. Dist. LEXIS 110837 at 17.

66. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff.  Defendant intended that Plaintiff rely on its illegal behavior.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

67. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."  I.C. 24-5-0.5-4(a)(1)(2).

68. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him.  However, Defendant's conduct is an incurable deceptive act of which notice would not remedy.  The fact that Defendant was provided with notice to stop calling and refused to abide by said notice, evidenced by calling Plaintiff an additional 6 times in an effort to obtain payment from him, shows that its behavior is incurable and that it has no intention of curbing its behavior.

69. Defendant conducts the above described behavior on a wide and frequent basis.  This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls.  Every call uses some of the phone owner's time and mental energy, both of which are precious.

70. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 26 through 30, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, KEVIN MELTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

  b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

  c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

  d. Enjoining Defendant to cease contacting Plaintiff; and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 29, 2017             Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Indiana | Admitted in the Northern District of Indiana |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 900 Jorie Boulevard, Suite 150 | 900 Jorie Boulevard, Suite 150 |
| Oak Brook, Illinois 60523 | Oak Brook, Illinois 60523 |
| (630) 575-8181 x113 (phone) | (630) 575-8181 x110 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |